# EXHIBIT 4

# REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UPCODES, INC., SCOTT REYNOLDS, and GARRETT REYNOLDS,<br><br>Defendants. | Case No. 2:21-cv-05262 |
| UPCODES, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATIONAL FIRE PROTECTION ASSOCIATION, INC.,<br><br>Counterclaim Defendant. | |

**EXPERT REPORT OF JUSTIN MCLEAN**
**DECEMBER 16, 2022**

HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY

received for narrow projects, NFPA's standard development process would proceed very differently and it is likely that it would not be able to incorporate technological advancements or lessons learned from the field as quickly as NFPA is able to do today.

### C. Identification of UpCodes' Gross Revenues and Causal Relationship

121. I understand from counsel that the copyright owner in a copyright infringement lawsuit has the burden to establish the gross revenues of the defendant and a causal relationship between the infringement and the infringer's revenues. I further understand that the burden then shifts to the defendant to prove deductible expenses and apportionment, and that unless the defendant carries its burden of showing that portions of those revenues are attributable to factors other than the infringement, all of the incremental profits are to be attributed to the infringement.[214]

122. UpCodes has two sources of receipts that likely are a result of infringing NFPA's standards:

   a. Investment of $3.4 million. In October 2022, well after UpCodes infringement of select NFPA standards, UpCodes raised $3.4 million in its Series A round.[215] If UpCodes continues its unauthorized use of NFPA's standards, additional investment or increases in UpCodes' valuation would likely also be a result of this continued infringement.

   b. Revenues of ▮▮▮. From April 2021 through September 2022, the period during which UpCodes has infringed, UpCodes collected revenues of ▮

---

[214] Ninth Circuit Model Jury Instructions.
[215] G. Reynolds Deposition, 101:14-101:16.

███.[216] As UpCodes continues to infringe, these revenues will continue to grow. If UpCodes continues its unauthorized use of NFPA's standards, additional revenues would likely also be a result of this continued infringement.

123. The causal relationship between UpCodes' infringement of NFPA's standards and its ability to earn revenue and obtain additional investment and increased valuation is set forth in Mr. Stuart's report. I summarize several of the bases for this causal relationship here:

   a. NFPA standards are critical to UpCodes' aggregator and freemium business model, including its ability to attract investment through its Content Expansion focus. Stuart Report, Section IV.A, V.C.1, and V.C.2.

   b. UpCodes has used NFPA Standards to attract users and potential subscribers, including through SEO strategies, responding to customer requests for NFPA Standards, and using NFPA Standards in its direct sales efforts. Stuart Report Sections V.C.3 and V.C.5.

   c. NFPA Standards have brought UpCodes potentially higher value users and subscribers who are more likely to convert to paid subscribers and less likely to cancel, including subscribers that were taken directly from NFPA. Stuart Report, Section V.C.4; Section IV.A.3, above.

124. Finally, UpCodes benefited from infringement of NFPA Standards, for purposes of its attracting investment, a higher valuation, and lower operating expenses, because it avoided the financial cost and any contractual commitments had it sought and negotiated an appropriate license from NFPA. Stuart Report, Section V.C

---

[216] UPCODES00366177; UPCODES00367039.

HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY

\* \* \*

Signed on the 16th day of December, 2022.

_____
Justin McLean