UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 21-05262-SPG-E | Date: | March 12, 2025 |
|---|---|---|---|

Title: National Fire Protection Association, Inc. v. Upcodes, Inc.

Present: The Honorable **SHERILYN PEACE GARNETT., United States District Judge**

| Patricia Gomez | ECRO |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Kelly Klaus | Joseph Gratz |
| Jennifer Bryant | Hannah Jiam |
| Rose Ehler | Roman Swoopes |
| Shannon Aminirad | Whitney O'Byrne |

**Proceedings:** **FINAL PRETRIAL CONFERENCE**
**DEFENDANTS MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF "AVOIDED LICENSING" FEES [249] (HEARING HELD)**

Counsel state appearances. Court and counsel discuss trial preparation.

The Court has read and considered Defendants' filing entitled "Anticipated Testimony Regarding Other Lawsuits and PRO Codes Act," [ECF No. 288], and Plaintiff's objections thereto, [ECF No. 296], both of which pertain to Plaintiff's Motions in Limine Nos. 1 and 3 [ECF Nos. 242, 247]. For the reasons stated on the record, the Court will allow the testimony in ECF No. 288 under items 1a and 3a, as it is relevant to Defendants' good faith under the fair use analysis. *See Harper & Row Publishers Inc. v.*

*Nation Enterprises*, 471 U.S. 539, 562 (1985). Although subsequent Supreme Court cases have "expressed some skepticism about whether bad faith has any role in a fair use analysis," *see Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 32–33 (2021), the Supreme Court has not repudiated the notion. The remaining proposed testimony is excluded because, among other reasons stated on the record, the individual defendants are not experts in the field of law, and the probative value of such testimony is substantially outweighed by the danger of confusing the jury, wasting time, creating the need for a trial within a trial, and may run afoul of the sword and shield doctrine. Further, the proposed testimony regarding the PRO Act is not probative.

For reasons stated on the record, as well as above, the Court modifies its previous tentative ruling granting in part and denying in part Motion in Limine No. 3. The motion in limine is now granted.

Defendants Motion in Limine No. 4. To Exclude Evidence of Investments as Revenue. Arguments are heard. The Court's oral tentative is to deny the motion in limine without prejudice.

Defendant's Motion in Limine No. 5 to Exclude Evidence of "Avoided Licensing" Fees [249]. For reasons stated on the record, the Court orally denies the motion without prejudice.

For the reasons stated on the record, the parties shall revise the parties' disputed jury instructions and verdict form based on the discussion during the conference and the 9th Circuit model civil jury instructions and submit the revisions to the Court by Friday, March 14, 2025.

The Court orders the parties to meet, confer and review all pending issues addressed by the Court. The Court encourages the parties to streamline and shorten the trial as feasibly possible.